

DA 07-0697

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 345N

FIONA L. SHAFFER, on behalf of:
ADAM SHAFFER, RACHAEL SHAFFER,
CHLOE SHAFFER, JONATHAN SHAFFER,
JASON SHAFFER, MARY SHAFFER,
PAUL SHAFFER, AARON SHAFFER,
and MIRIAM SHAFFER,

        Petitioner and Appellee,

   v.

CHESTER SHAFFER,

        Respondent and Appellant.

APPEAL FROM:    District Court of the Fourth Judicial District,
In and For the County of Missoula, Cause No. DV-07-1384
Honorable John W. Larson, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Chester Shaffer, self-represented; Victor, Montana

      For Appellee:

          (No Appellee brief filed.)

             Submitted on Briefs:  August 6, 2008

                   Decided:  October 9, 2008

Filed:

_____
                Clerk

Chief Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Self-represented appellant Chester Shaffer (Chester) appeals from an order issued by the Fourth Judicial District Court, Missoula County, dismissing his appeal. We affirm.

¶3 Chester's wife, Fiona Shaffer (Fiona), received a temporary order of protection (TOP) from the Missoula County Justice Court, on behalf of herself and her 9 children, 5 of whom are minors.

¶4 A hearing on the TOP was held in November of 2006. The court determined Fiona was in danger of harm from Chester, and extended the order of protection until November 28, 2007.

¶5 On October 15, 2007—nearly 11 months after the Justice Court had extended it, Chester appealed the TOP to the District Court. Upon determining that no basis existed to review an order of protection months after issuance, the District Court *sua sponte* dismissed the appeal. Chester moved for reconsideration, arguing no time limitation for appeal was applicable under § 40-15-302, MCA. The District Court issued an order refusing to reconsider, citing § 25-33-102, MCA, which requires appeals to be filed within

2

30 days of rendition of judgment.

¶6 Chester filed a second motion requesting that the court reconsider on the basis that no judgment had been rendered. He argued the order extending the TOP was an injunction—not a judgment—which is not a final order under M. R. App. P. 54(a). Chester maintained that the statutes do not specify a timeframe for appeal from issuance of an injunction. The District Court issued another order clarifying that appeals from justice court are governed by Title 25, Chapter 33, MCA.

¶7 Chester appeals, arguing that an injunction differs from a judgment and, consequently, that appeal rights from an injunction extend from day to day, thereby rendering his appeal timely. He maintains the District Court erred in failing to recognize this distinction. Chester also insists that the protective order is fraudulent because Fiona does not reasonably fear bodily harm from him and, had the children been allowed to testify, he could demonstrate that Fiona is lying.

¶8 The issue properly before us is whether the appeal to the District Court was timely filed. Pursuant to M. R. App. P. 12(1)f, the appellant must state contentions, provide rationale, and cite authority that supports the appellant's position. We have no obligation to perform legal research or develop legal analysis that might support an appellant's arguments. *State v. Torgerson*, 2008 MT 303, ¶ 36, 345 Mont. 532, ¶ 36, ___P.3d___, ¶ 36 (citing *State v. Buck*, 2006 MT 81, ¶¶ 99-100, 331 Mont. 517, ¶¶ 99-100, 134 P.3d 53, ¶¶ 99-100). Chester has not advanced cognizable authorities in support of his assertion of

3

error.  Moreover, it is the appellant's burden to establish error.  *Torgerson*, ¶ 36.  Chester has failed to do so.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions.  Nothing on the face of the brief or the record before us even suggests that the District Court did not correctly interpret and apply Montana Law.

¶10     Affirmed.


                                                    /S/ KARLA M. GRAY


We concur:

/S/ JOHN WARNER
/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ BRIAN MORRIS